IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv02867-BNB

GREGORY LOZADO,

    Plaintiff,

v.

AURORA DETENTION CENTER/GEO ICE PROCESSING CENTER,
OFFICER SANCHEZ, Transfer Officer, and
OFFICE PHILLAPOV, Transfer Officer,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Gregory Lozado, is a prisoner in the custody of the United States Bureau of Prisons incarcerated at the Federal Correctional Institution in Littleton, Colorado.  Plaintiff initiated this action *pro se* by filing a Prisoner Complaint alleging that his constitutional rights were violated pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  He seeks money damages.

    The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  Plaintiff will be ordered to file an Amended Complaint and assert how each named Defendant personally participated in the violation of his constitutional rights.

To establish personal participation, Plaintiff must show how a named defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. *See Dodds v. Richardson, et al.*, 614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring). Plaintiff must plead what each Defendant did to him through his own act that violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff also must explain in his Amended Complaint when Defendants did the action, how the action harmed him, and what specific legal right he believes Defendants violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, Plaintiff is required to submit his claims on and to complete all sections of the Court-approved form used in filing prisoner complaints in this Court. *See* Rule 8.2A of the Civil Local Rules for the District of Colorado. Accordingly, it is

ORDERED that within thirty days from the date of this Order Plaintiff file an Amended Complaint consistent with these directives. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov to use in filing an

Amended Prisoner Complaint. It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an Amended Complaint that complies with this Order, the Court will dismiss the action without further notice. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED December 3, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge